**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ANDREW MARTINEZ,

    Defendant - Appellant.

No. 24-2131
(D.C. No. 2:24-CR-00512-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Michael Andrew Martinez, a former sheriff's deputy, pled guilty to deprivation of rights under color of law in violation of 18 U.S.C. §§ 242, 250(b)(4)(A), and to destruction, alteration or falsification of records in federal investigations in violation of 18 U.S.C. § 1519. His plea agreement with the government included a waiver of appellate rights and a stipulation indicating "that a specific sentence between 2 and 10 years of imprisonment followed by 3 years of supervised release is the appropriate disposition in this case." Plea Agr. (Doc. 15-2) at 7. The district court imposed a prison sentence of 108 months, which is below the statutory maximum for Martinez's

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crimes and within the range contemplated by the plea agreement, but above that recommended by the sentencing guidelines.  Martinez seeks to appeal the sentence, and the government has moved to enforce the appellate waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

In evaluating whether to enforce an appellate waiver, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  Martinez concedes the first two issues but argues enforcing his sentence would result in a miscarriage of justice.

There are only four situations in which enforcing an appellate waiver constitutes a miscarriage of justice:  (1) when the district court relied on an impermissible factor, such as race; (2) when counsel provided ineffective assistance in negotiating the waiver; (3) when the sentence exceeds the statutory maximum; or (4) when the waiver itself is otherwise unlawful.  *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011).  Martinez argues the waiver is unlawful because the district court failed to explain why it imposed an above-guidelines sentence against a law enforcement officer with no criminal history.  Enforcing the sentence under these circumstances, he claims, would seriously affect the fairness, integrity, or public reputation of the proceeding.  We reject this argument for two reasons.

First, Martinez does not dispute that his sentence is within the range explicitly contemplated by the plea agreement into which he entered knowingly and

voluntarily.  Accordingly, even though the sentence surpasses the applicable guidelines range, we cannot say enforcing it would result in a miscarriage of justice.

Second, his argument misunderstands the focus of our inquiry.  In deciding whether an appellate waiver is otherwise unlawful, we look "to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error."  *United States v. Leyva-Matos*, 618 F.3d 1213, 1217 (10th Cir. 2010) (internal quotation marks omitted).  Martinez argues the district court erred in imposing an above-guidelines sentence without adequate reasoning.  But even if we accept this argument, it does not affect the lawfulness of his *waiver*.  As we explained in *Leyva-Matos*, "an appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable.  To so hold would make a waiver an empty gesture."  *Id.* (internal quotation marks omitted).  To meet his burden of showing his waiver was unlawful, Martinez must point to something other than the length of his sentence and he has not done so.  Because he has failed to challenge the lawfulness of the waiver itself, he cannot bring a challenge to the district court's computation of his sentence.  *Polly*, 630 F.3d at 1002.

3

We grant the government's motion to enforce Martinez's appellate waiver and dismiss this appeal.

Entered for the Court

Per Curiam